IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ralph Wolfe,                                            :

           Plaintiff                     :     Civil Action 2:11-cv01080

v.                                                      :     Judge Sargus

Michael J. Astrue, Commissioner
of Social Security,                                     :     Magistrate Judge Abel

           Defendant
                                                        :

**ORDER**

This matter is before the Court on defendant the Commissioner's September 21, 2012 objections to Magistrate Judge Abel's September 19, 2012 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that this case should be remanded for consideration of Dr. Baughman's opinion. The Court further finds for the reasons set out below that defendant's objections to the Report and Recommendation are without merit.

Defendant argues that Dr. Baughman's opinion was so patently deficient that the Commissioner could not possibly credit it and that the administrative law judge's failure to discuss the opinion was harmless error.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. This action is hereby REMANDED for consideration of Dr. Baughman's opinion.

In *Rebecca Moeller v. Commissioner of Social Security*, No. 11-6199 (Jul. 20, 2012 6th Cir.), the Sixth Circuit held that the failure to explain why a doctor's limitations on the claimant's ability to sit were rejected cannot be harmless error. In *Moeller*, the record did not support the administrative law judge's finding that the claimant could sit for six hours a day. Although the Magistrate Judge acknowledged that there is substantial evidence in the record to support the residual functional capacity formulated by the administrative law judge, he properly concluded that the administrative law judge violated 20 C.F.R. § 404.1527(d)(2) by failing to give good reasons for his rejection of Dr. Baughman's opinion.

Dr. Baughman, plaintiff's treating physician, completed a medical assessment of plaintiff's psychiatric limitations. Dr. Baughman opined that plaintiff's abilities to follow work rules and relate to coworkers were good. He abilities to deal with the public, use judgment when dealing with the public, interact with supervisors, and function independently were fair. Plaintiff's abilities to deal with stress or maintain attention and concentration were poor. Plaintiff had fair abilities with respect to understanding, remembering and carrying out complex and detailed job instructions. He was able to maintain his personal appearance, behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability. (R. 743-46.) Dr. Baughman also completed a medical assessment of pain and fatigue. Dr. Baughman treated plaintiff for a herniated disc. He did not anticipate that plaintiff's pain or fatigue would improve. He opined that plaintiff's pain prevented him from working and that

his symptoms were reasonable in light of the objective findings. He indicated that plaintiff was not malingering. Dr. Baughman indicated that plaintiff could sit or stand/walk for less than 2 hours. Plaintiff would need to lie down at unpredictable intervals during the day. Plaintiff could occasionally lift less than 10 pounds. (R. 747-49.)

Relying on *Wilson v. Commissioner of Social Security*, defendant argues that the error was harmless. In *Wilson*, the Sixth Circuit stated:

> A court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely. "[A] procedural error is not made harmless simply because [the aggrieved party] appears to have had little chance of success on the merits anyway." *Mazaleski v. Treusdell*, 562 F.2d 701, 719 n. 41; *see also Ingalls Shipbuilding, Inc. v. Dir., Office of Workers' Comp. Programs*, 102 F.3d 1385, 1390 (5th Cir.1996). To hold otherwise, and to recognize substantial evidence as a defense to non-compliance with § 1527(d)(2), would afford the Commissioner the ability the violate the regulation with impunity and render the protections promised therein illusory. The general administrative law rule, after all, is for a reviewing court, in addition to whatever substantive factual or legal review is appropriate, to "set aside agency action ... found to be ... without observance of procedure required by law." Administrative Procedure Act, 5 U.S.C. § 706(2)(D) (2001).

*Wilson v. Commissioner of Social Sec.*, 378 F.3d 541, 546 (6th Cir. 2004). Because the administrative law judge failed to provide any explanation for his rejection of Dr. Baughman's opinion, this case is REMANDED.

                         /s/   10-16-2012
                         Edmund A. Sargus
                         United States District Judge